**LEE NATIONAL CORPORATION**

v.

**Anson G. P. SEGUR.**

No. 42730.

United States District Court
E. D. Pennsylvania.

March 26, 1968.

Morris L. Weisberg, Blank, Rudenko, Klaus & Rome, Philadelphia, Pa., for plaintiff.

Reeder R. Fox, Duane, Morris & Hecksche, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

This action was commenced under Section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b), to recover "short swing profits" allegedly realized by the defendant in the sales and purchases of shares of the common stock of the plaintiff. Section 16(b) limits its application, *inter alia,* to the "officer" of the "issuer" and Section 16(a) is likewise limited to "officer of the issuer" of such security. Regulation 240.3b–2 of the Securities and Exchange Commission defines the term "officer" as meaning a president, vice-president, treasurer, secretary, controller, and any other per-

son who performs certain functions *"for an issuer"*.

Plaintiff here filed an original complaint alleging that the defendant "was an officer of the plaintiff corporation". (See paragraph 2(b) of original complaint.) Thereafter, an amended complaint was filed alleging that the defendant was an officer of the plaintiff corporation from October 14, 1957, to May 1, 1963, and that *thereafter* he was an officer of Lee Tire Centers, Inc., a wholly-owned subsidiary of the plaintiff until July 6, 1965. Paragraph 4 of both the original and amended complaint alleges as follows:

"4. Between May 14, 1965 and May 19, 1965, a period of less than six months, the defendant, while an officer of the plaintiff purchased shares of the common stock of the plaintiff, and during the said period of less than six months, sold shares of said common stock."

Thus, from the pleadings, it is evident that the defendant was not an officer of the "issuer", the plaintiff corporation, at the time of the purchases and sales in question.

 Extensive oral argument was heard at which and during which plaintiff's counsel candidly conceded that he is not contending that the defendant was *in fact* an officer of the plaintiff corporation or performing the functions and duties of such an officer at the time in question. It is not here contended, as was held in Colby v. Klune et al., 178 F.2d 872, (2nd Cir. 1949) that the defendant was in fact performing the functions of an officer of the "issuer" corporation, although ostensibly employed in some other or lesser capacity. On the contrary, plaintiff's counsel frankly concedes that he here seeks a judicial determination to the effect that while the language of the statute expressly refers to an "officer of the issuer" that it intends to also refer to and include an officer of a subsidiary corporation. Fraud is not alleged and plaintiff's counsel frankly concedes that it is not involved. Neither does he contend that defendant's employment as an officer with a subsidiary corporation was in any wise a subterfuge. On the contrary, he seeks a judicial broadening of the specific and express language of the statute. Neither the *Colby* case, supra, nor the case of Blau v. Oppenheim, Jr., et al., 250 F.Supp. 881 (S.D.N.Y.1966), support his contentions. As was stated in the *Blau* case, Courts may not give content to an Act beyond its language and must construe it in accordance with its avowed objective and congressionally declared purpose. While the purpose of the Act is to recover "short swing profits" realized by so-called "insiders", the fact is that if it be the congressional intent to include officers of subsidiary corporations as well as officers of the "issuer" corporation, this can be quickly accomplished by a simple amendment to the Act. It need not be accomplished by what may be considered "judicial legislation".

While "trial by affidavit" is undesirable and the granting of motions such as that here involved are to be considered with great caution, the fact is, as counsel conceded at oral argument, that plaintiff seeks a construction of the statute not heretofore granted by any Court. True, the motion here before the Court could be denied and the defendant given the opportunity, at a later stage of the proceeding, to raise the same question by way of an appropriate motion for summary judgment. But this would not seem to be warranted under the circumstances of this case. Briefs and oral argument do not indicate that anything substantial will be developed by way of depositions or otherwise which would substantially alter the basis for the plaintiff's position seeking, as it does, a broad interpretation of the statute not warranted and justified by the language of the statute and the apparent facts and circumstances involved in this case.

Therefore, defendant's motion to dismiss plaintiff's complaint will be granted.